**U.S. DISTRICT COURT**
For the
**EASTERN DISTRICT OF MASSACHUSETTS**

DOCKET NO:

## 04-12451 JLT

| | |
|---|---|
| ROUBEN MADIKIANS,<br>    Plaintiff, | **COMPLAINT** |
| v. | **AND** |
| AMERICAN AIRLINES ASSOCIATION<br>OF PROFESSIONAL FLIGHT<br>ATTENDANTS ("APFA"),<br>    Defendant, | **DEMAND FOR JURY TRIAL** |
| AMERICAN AIRLINES, CO. ("AA")<br>    Defendant, | RECEIPT # _____<br>AMOUNT $ 150.00<br>SUMMONS ISSUED 5<br>LOCAL RULE 4.1 _____<br>WAIVER FORM _____ |
| JULIA CARRIGAN,<br>    Personally and in her capacity as<br>    Boston Domestic Chair of APFA<br>    Defendant, | MCF ISSUED _____<br>BY DPTY. CLK. M.P.<br>DATE 11/19/04 |
| KELLY COX,<br>    Personally and in her capacity as<br>    AA Boston Based Manager,<br>    Defendant; and | MAGISTRATE JUDGE MBB |
| AMY MILENKOVIC,<br>    Personally and in her capacity as<br>    APFA Respresentative,<br>    Defendant. | |

### INTRODUCTION

1. The plaintiff, Mr. Rouben Madikians, seeks damages from the defendants for retaliation and hostile work environment and defamation, in connection with exercising a legal activity in his capacity as a Union Member and employee of American Airlines.

**PARTIES**

2. Plaintiff Mr. Rouben Madikians (hereinafter "Madikians"), is a resident of Massachusetts, residing at 15 St. George Street, Apt. 3, Boston, Massachusetts 02118, and was and is an employee of American Airlines Co., and a member in good standing of the Association of Professional Flights Attendants.

3. Defendant Association of Professional Flight Attendants (hereinafter "APFA"), is an organized collective bargaining association, and operates, in relevance herein, at 20 Chestnut Street, Charlestown, Massachusetts 02129.

4. Defendant American Airlines Co. (hereinafter "AA"), is a corporation having a place of business in Massachusetts at Logan International Airport, Terminal B, East Boston, Massachusetts 02128.

5. Defendant Julia Carrigan (hereinafter "Carrigan"), is a resident of Massachusetts and is and was at all relevant times the Boston Domestic Chairperson of the APFA, and has a business address at 20 Chestnut Street, Charlestown, Massachusetts 02129.

6. Defendant Kelly Cox (hereinafter "Cox), is a resident of Massachusetts and was at all relevant times the Boston Based Manager of AA, and has a mailing address at Logan International Airport, Terminal B, East Boston, Massachusetts 02128.

7. Defendant Amy Milenkovic (hereinafter "Milenkovic"), is a resident of Massachusetts and is and was at all relevant times the APFA Representative at the Boston Base of APFA, and has a mailing address at 20 Chestnut Street, Charlestown, Massachusetts 02129.

**FACTS**

8. Madikians was employed by AA, and was a member of the APFA at all relevant times.

9. On or about December 23, 2003, Madikians informed Carrigan and Cox of his initiation of a petition demanding her removal in her capacity as APFA Boston Domestic Chair.

10. On or about December 30, 2003, Madikians traveled to Dallas, Texas to inspect records and discover events related to Carrigan in her capacity; those records are open and available to all members in good standing of the APFA.

11. On or about January 30, 2004, Madikians commenced to solicit signatures from APFA members in good standing. He released portions of the records obtained relating to dates and times of travel of defendant Carrigan while purportedly on Union business when in fact, she was attending personal events benefiting neither the Union nor AA.

12. On or about February 1, 2004, Madikians became aware that Carrigan and Milenkovic initiated a "smear" campaign against him, and were maliciously and falsely stating that Madikians had been stalking Carrigan's family and minor son, which is especially outrageous and damaging to Madikians' reputation because he is known by the defendant to be gay, and that such claims as stocking constitute a crime.

13. On or about February 4, 2004, Carrigan with the approval of AA and Cox, published to all APFA members and caused to be displayed in obvious areas or the work place a "Winter 2004 Base Brief" newsletter in which Carrigian stated that Madikians had been stalking her family and minor son, both of which is false.

14. On or about January 23, 2004, Carrigan filed a police report with the Boston Police stating that on January 20, 2004 she was telephoned by Madikians requesting her whereabouts on certain days when she was acting as Boston Domestic Chair, and although "Victim states that she does not really feel threatened by subject," she "wants to file to report to begin reporting suspect's action in case she feels more threatened."

15. On or about February 16, 2004, Madikians demanded that AA conduct an investigation into the events, informing AA that he was being subjected to a hostile work environment in retaliation.

16. On or about February 25, 2004, Madikians filed formal charges with APFA demanding an investigation of Carrigan as an officer and agent of APFA.

17. On or about the first week of March 2004, in an open meeting related to Union business, Carrigan stated to the audience that Madikians was stalking her child.

18. On or about March 21, 2004, Madikians filed a further grievance and request for hearing to APFA.

19. On or about July 21, 2004, AA completed an investigation only upon several requests by Madikians. AA took no known action and declined to deliver to Madikians its findings and/or recommendations.

20. On or about June 2004, APFA informed Madikians that it would not accept his grievance, and no investigation was performed.

21. On or about February 25, 2004, Madikians filed a disability claim for suffered emotional distress which manifested itself emotionally and physically. He was unable to return to work because of the hostile work environment and the damage to his reputation.

22. On or about February 27, 2004, Madikians filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination alleging retaliation, slander, Amended on or about May 21, 2004 to include discrimination based on sexual orientation and use of the term "stalking."

23. On or about July 21, 2004, Madikians was informed that the investigation was completed and closed. No known action was taken.

24. On or about August 23, 2004, the Massachusetts Commission Against Discrimination dismissed the Charge of Discrimination based on lack of jurisdiction, thereby granting under M.G.L. c. 151B, s. 9, jurisdiction to this court on those claims.

25. Madikians continues to suffer both emotionally and physically; he suffers from reduced earnings, professional standing and reputation.

## COUNTS

### COUNT ONE
### RETALIATION

26. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 24 as though specifically re-written and set forth herein.

25. Plaintiff disclosed public documents to interested parties, those documents believed by the plaintiff to indicate wrongdoings on the part of defendant Carrigan.

26. Defendant Carrigan retaliated by publishing untrue documents, slandering, and intentionally causing emotional distress to the plaintiff, causing a hostile environment.

27. Defendant AA knew or should of known of the hostile environment, and permitted the hostile environment to exist and continue.

28. Defendant APFA knew or should of known of the hostile environment, and permitted the hostile environment to exist and continue.

WHEREFORE Plaintiff demands judgment against the defendants on Count One in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper.

### COUNT TWO
### DEFAMATION

29. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 28 as though specifically re-written and set forth herein.

30. Defendant Carrigan did publish a defamation concerning the plaintiff to the public, and that the defamation was false, or alternatively, if true then it was done with malice.

31. Defendant APFA, as respondeat superior to defendant Carrigan, is liable for the actions of its agent Carrigan.

32. Defendant Cox did permit and approve that publication for dissemination to the public, and knew that it was false, or alternatively, if it was true then it was done with malice.

33. Defendant AA, as respondeat superior to defendant Cox, is liable for the actions of its employee defendant Cox.

34. Plaintiff was damaged in his profession, held by his fellows in contempt, scorn and/or ridicule, and his standing was impaired.

WHEREFORE Plaintiff demands judgment against the defendants on Count Two in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

35. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 34 as though specifically re-written and set forth herein.

36. Defendant Carrigan did intentionally cause the plaintiff emotional distress by harassing him, publishing malicious untruths, or if true, publishing with malice, and slandering him to the public.

37. Defendant APFA, as respondeat superior to defendant Carrigan, is liable for the actions of its agent Carrigan, and it had actual knowledge of the distress caused by defendant Carrigan.

38. Defendant Cox did permit and approve that publication for dissemination to the public, and knew that it was false, or alternatively, if it was true then it was done with malice.

39. Defendant AA, as respondeat superior to defendant Cox, is liable for the actions of its employee defendant Cox.

40. Plaintiff was damaged in his profession, held by his fellows in contempt, scorn and/or ridicule, and his standing was impaired.

WHEREFORE Plaintiff demands judgment against the defendants on Count Three in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper.

## COUNT FOUR
## FAILURE OF FAIR REPRESENTATION

41. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 40 as though specifically re-written and set forth herein.

42. Plaintiff filed a grievance with defendant APFA, wherein he demanded an investigation into the actions of defendants Carrigan and Milenkovic.

43. Defendant APFA failed to take any action, and failed to represent plaintiff.

44. Defendant APFA actions were arbitrary, capricious and discriminatory, the in breach of the duty of fair representation.

WHEREFORE Plaintiff in demands judgment against the defendants on Count Four in an amount to be determined at trial including interest, costs, reasonable attorneys' fees, excess damages, and any and all relief deemed fair and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial for all counts triable.

Respectfully Submitted,
Rouben Madikians,
By his attorneys,

Dated: 11/18/2004

David D. Nielson - BBO# 652743
Law Office of David D. Nielson
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 773-6866

Dated: 11/18/04

Daniel J. Ciccariello – BBO# 637529
Law Office of Daniel J. Ciccariello
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 770-9901

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Rouben Madikians

**DEFENDANTS** Am. Airlines Assoc. of Prof. Fliight Attendants, Am Airlines, et. al.

(b) County of Residence of First Listed Plaintiff  Suffolk
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  Suffolk
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
David D. Nielson, 15 Cottage Ave, #301, Quincy, MA 02160 (617) 773-6866; Daniel J. Ciccariello, 15 Cottage Ave, #301, Quincy, MA 02160 (617) 770-9901

Attorneys (If Known) Unknown

04-12451 JLT

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 110 Insurance | [ ] 310 Airplane | [ ] 362 Personal Injury— Med. Malpractice | [ ] 620 Other Food & Drug |  | [ ] 410 Antitrust |
| [ ] 120 Marine | [ ] 315 Airplane Product Liability |  | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 423 Withdrawal 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 130 Miller Act |  | [ ] 365 Personal Injury — Product Liability |  |  | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander |  | [ ] 630 Liquor Laws |  | [ ] 460 Deportation |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment |  | [ ] 368 Asbestos Personal Injury Product Liability | [ ] 640 R.R. & Truck | **PROPERTY RIGHTS** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
|  | [ ] 330 Federal Employers' Liability |  | [ ] 650 Airline Regs. | [ ] 820 Copyrights |  |
| [ ] 151 Medicare Act |  |  | [ ] 660 Occupational Safety/Health | [ ] 830 Patent | [ ] 810 Selective Service |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 340 Marine | PERSONAL PROPERTY |  | [ ] 840 Trademark | [ ] 850 Securities/Commodities/ Exchange |
|  | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 690 Other |  | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits |  | [ ] 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** |  |
|  | [ ] 350 Motor Vehicle | [ ] 380 Other Personal Property Damage | [ ] 710 Fair Labor Standards Act | [ ] 861 HIA (1395ff) | [ ] 891 Agricultural Acts |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability |  |  | [ ] 862 Black Lung (923) | [ ] 892 Economic Stabilization Act |
| [ ] 190 Other Contract |  | [ ] 385 Property Damage Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 893 Environmental Matters |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury |  |  | [ ] 864 SSID Title XVI | [ ] 894 Energy Allocation Act |
|  |  |  |  | [ ] 865 RSI (405(g)) | [ ] 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 730 Labor/Mgmt.Reporting & Disclosure Act |  | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate Sentence | [ ] 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| [ ] 220 Foreclosure | [ ] 442 Employment | Habeas Corpus: |  | [ ] 870 Taxes (U.S. Plaintiff or Defendant) |  |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [x] 790 Other Labor Litigation |  | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land |  | [ ] 535 Death Penalty |  |  |  |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 540 Mandamus & Other | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS— Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | [ ] 440 Other Civil Rights | [ ] 550 Civil Rights |  |  |  |
|  |  | [ ] 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Union Official retaliation; defamation, intentional infliction of emotional distress and failure of fair representation in relation to plaintiff-employee union member practicing a protected activity, to wit, a petition to remove elected union official.

**VII. REQUESTED IN COMPLAINT:**  [ ] CHECK IF THIS IS A CLASS ACTION DEMAND UNDER F.R.C.P. 23

CHECK YES only if demanded in complaint:
JURY DEMAND:  [x] Yes  [ ] No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____  DOCKET NUMBER _____

DATE 11/18/2004

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Rouben Madikians v. American Airlines Association of Professional Flight Attedants

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ____ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ✓ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   * Also complete AO 120 or AO 121 for patent, trademark or copyright cases

   ____ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.

   ____ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.

   ____ V.   150, 152, 153.

   04 - 12451 JLT

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(E)). _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ☐    NO ✓

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC 2403)    YES ☐    NO ✓
   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ☐    NO ☐

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC 2284?    YES ☐    NO ✓

7. DO ALL PARTIES IN THIS ACTION RESIDE IN THE CENTRAL DIVISION OF THE DISTRICT OF MASSACHUSETTS (WORCESTER COUNTY) - (SEE LOCAL RULE 40.1(C)).    YES ☐    NO ✓
   OR IN THE WESTERN DIVISION (BERKSHIRE, FRANKLIN, HAMPDEN OR HAMPSHIRE COUNTIES)?(SEE LOCAL RULE 40.1(D)).
   YES ☐    NO ✓

8. DO ALL OF THE PARTIES RESIDING IN MASSACHUSETTS RESIDE IN THE CENTRAL AND/OR WESTERN DIVISIONS OF THE DISTRICT?
   YES ☐    NO ✓
   (a)    IF YES, IN WHICH DIVISION DOES THE PLAINTIFF RESIDE? _____

9. IN WHICH DIVISION DO THE ONLY PARTIES RESIDING IN MASSACHUSETTS RESIDE? _____

10. IF ANY OF THE PARTIES ARE THE UNITED STATES, COMMONWEALTH OF MASSACHUSETTS, OR ANY GOVERNMENTAL AGENCY OF THE U.S.A. OR THE COMMONWEALTH, DO ALL OTHER PARTIES RESIDE IN THE
    CENTRAL DIVISION;    YES ☐    NO ☐    OR WESTERN DIVISION;    YES ☐    NO ☐

11. ALTERNATIVE DISPUTE RESOLUTION - IS THIS CASE SUITABLE FOR ADR? IF SO, BY WHICH ADR?
    EARLY NEUTRAL EVALUATION ☐    MEDIATION ✓    SUMMARY JURY/BENCH TRIAL ☐
    MINI-TRIAL ☐    OTHER ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    David D. Nielson, Esq.
ADDRESS    15 Cottage Ave, Suite 301    Quincy, MA 02169
TELEPHONE NO.    (617) 773-6866

(Category Form.wpd - 3/28/2000)