IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                        )
ROUBEN MADIKIANS,                       )
                                        )
            Plaintiff,                  )
                                        )
v.                                      )     No. 1:04-cv-12451-JLT
                                        )     Judge Joseph L. Tauro
AMERICAN AIRLINES ASSOCIATION           )
OF PROFESSIONAL FLIGHT                  )
ATTENDANTS ("APFA"), et al.,            )
                                        )
            Defendants.                 )
_____)


MEMORANDUM OF DEFENDANT JULIA CARRIGAN
IN SUPPORT OF MOTION TO DISMISS


Defendant Julia Carrigan submits this memorandum in support
of her Motion to Dismiss.  Neither of the two arguably federal
causes of action in plaintiff's complaint, Counts One and Four,
states a claim upon which relief can be granted.  The Court
should therefore dismiss those claims and decline to exercise
supplemental jurisdiction over the state law claims of Counts
Two and Three.  While this motion is filed only on behalf of
defendant Carrigan – who alone appears to have been served[1] – the
grounds set forth herein apply equally to all named defendants.

---

[1] Defendant Carrigan executed a waiver of service of summons
pursuant to Rule 4(d).  The Court's docket sheet does not
reflect service on any other defendant.

BACKGROUND

While defendant vigorously disputes many of the factual allegations of the complaint, there is no occasion to address those issues here.  On this motion to dismiss, we accept – as we must – the facts as alleged in the complaint, and we state them here accordingly.

Plaintiff Rouben Madikians, a flight attendant employed by defendant American Airlines ("AA") and member of a collective bargaining unit represented by defendant Association of Professional Flight Attendants ("APFA" or the "Union"), brought this lawsuit against AA, APFA, an AA management employee (Kelly Cox), AFPA's Boston Domestic Chair (Carrigan), and an APFA representative (Amy Milenkovic).  In his complaint, Madikians alleges that he was retaliated against, defamed, and made to suffer a hostile work environment because of his internal union efforts to investigate Carrigan's performance as APFA Boston Domestic Chair and to obtain her removal from that position. See Complaint ¶¶ 8-17.  Madikians filed internal union charges against Carrigan, which APFA declined to pursue.  Id., ¶¶ 16, 18, 20.  He also filed a charge of discrimination with the Massachusetts Commission Against Discrimination, which was dismissed for lack of jurisdiction.  Id., ¶¶ 22-24.  His suit against Carrigan (in both her individual capacity and as APFA Boston Domestic Chair) and the other defendants asserts claims

of retaliation, defamation, intentional infliction of emotional
distress, and breach of the Union's duty of fair representation.

ARGUMENT

Only two counts of the complaint – the retaliation and duty
of fair representation claims – even arguably provide a basis
for federal jurisdiction.  Neither of these counts states a
claim upon which relief can be granted, and both must therefore
be dismissed.  That being the case, the Court should decline to
exercise supplemental jurisdiction over the remaining state law
claims – for defamation and intentional infliction of emotional
distress – and the complaint should accordingly be dismissed in
its entirety.

I.    COUNT ONE STATES NO CLAIM UNDER TITLE VII OR
      OTHER FEDERAL ANTI-DISCRIMINATION STATUTES

Count One of the complaint, titled "Retaliation," alleges
that plaintiff Madikians disclosed to interested parties public
documents that he believed demonstrated wrongdoing on the part
of Carrigan, Complaint ¶ 25; that Carrigan retaliated by, inter
alia, "causing a hostile environment," id. ¶ 26; and that AA and
APFA "permitted the hostile environment to exist and continue."
Id. ¶¶ 27-28.

Plaintiff does not identify what statute or other legal
authority he claims was violated by the alleged "retaliation"
and "hostile environment," but his use of these terms suggests

that he may have in mind Title VII or some other federal civil
rights statute.[2]  But neither Title VII nor any other such
statute provides a legal basis for free-floating claims of
"retaliation" and creation of a "hostile environment."  Title
VII prohibits employment discrimination "because of [the]
individual's race, color, religion, sex, or national origin," 42
U.S.C. § 2000e-2(a)(1), as well as "because he has opposed any
practice made an unlawful employment practice by this
subchapter, or because he has made a charge, testified,
assisted, or participated in any manner in an investigation,
proceeding, or hearing under this subchapter."  42 U.S.C.
§ 2000e-3(a).  See also 29 U.S.C. § 623(a), (d) (analogous
provisions of Age Discrimination in Employment Act); 42 U.S.C.
§§ 12112(a), 12203(a) (Americans with Disabilities Act).

   Nowhere in his complaint does plaintiff assert that the
alleged hostile environment was created because of his race,
color, religion, sex, national origin, age, or disability, or
that the alleged retaliation was due to his having filed a
charge or having engaged in any of the other enumerated
protected activities.  Nor does he allege facts that would

---

[2] Of course, to the extent plaintiff's intent is to invoke
the analogous Massachusetts civil rights statute, see Mass. Gen.
Laws ch. 151B, this would provide no basis for federal
jurisdiction and should be treated as the state law claims of
Counts Two and Three.

support an inference of such motivation.  Rather, he appears to
claim that the alleged retaliation was in response to his
political activity within the Union.  This allegation states no
claim under the federal civil rights laws.[3]

    II.   COUNT FOUR STATES NO CLAIM FOR BREACH OF THE
           UNION'S DUTY OF FAIR REPRESENTATION

Count Four alleges that APFA breached its duty of fair
representation by arbitrarily failing to take action in response
to plaintiff's internal union complaints about the actions of
defendants Carrigan and Milenkovic.  Complaint ¶¶ 42-44.[4]

The duty of fair representation under federal labor law is
a judicially created doctrine that the Supreme Court has held to
be implicit in section 2, Fourth, of the Railway Labor Act
("RLA"), 45 U.S.C. § 152, Fourth – and other federal labor-
relations statutes – which provides for certification of a union
as the exclusive bargaining representative of all employees in a
particular bargaining unit.  Steele v. Louisville & Nashville

----

[3] Even if Count One stated an otherwise viable claim, it
would have to be dismissed as to defendant Carrigan in her
individual capacity, as only employers, employment agencies, and
labor organizations – not their individual employees or agents –
are subject to liability under Title VII.  Gary v. Long, 59 F.3d
1391, 1399 (D.C. Cir. 1995).

[4] Count Four does not appear to be advanced against
defendant Carrigan, nor could it be.  Only a union, not its
individual officers or agents, can be liable for a violation of
the union's duty of fair representation.  Forbes v. Rhode Island
Bhd. of Correctional Officers, 923 F. Supp. 315, 328 (D.R.I.
1996) (citing cases).

R.R. Co., 323 U.S. 192 (1944).[5]  As the Supreme Court has explained:  "[A]s the exclusive bargaining representative of the employees in [the plaintiff's] bargaining unit, the Union had a statutory duty fairly to represent all of those employees, both in its collective bargaining with [the employer], . . . and in its enforcement of the resulting collective bargaining agreement . . . ."  Vaca v. Sipes, 386 U.S. 171, 177 (1967).  The union's duty, in such circumstances, is "to serve the interests of all [bargaining unit] members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct."  Id.

    Because the duty of fair representation arises out of the union's statutorily granted power as exclusive representative of all employees within the bargaining unit, it is "coextensive with its statutory authority to act as the exclusive representative for all the employees within the unit."  Schneider Moving & Storage Co. v. Robbins, 466 U.S. 364, 376 n.22 (1984).  Thus,

> "a union . . . can be held to represent employees unfairly only in regard to those matters as to which it represents them at all – namely, 'rates of pay, wages, hours . . . , or other conditions of employment.'"  In other words, the duty of fair representation extends only to matters involving an

_____

    [5] Labor relations in the airline industry are governed by the RLA.  See RLA § 201, 45 U.S.C. § 181.

> employee's dealings with his employer and ordinarily
> does not affect an employee's relationship with the
> union structure.

Kolinske v. Lubbers, 712 F.2d 471, 481 (D.C. Cir. 1983)

(citations deleted; emphasis added in part).  See also Bass v.

International Bhd. of Boilermakers, 630 F.2d 1058, 1062-63 (5th

Cir. 1980) (same); Felice v. Sever, 985 F.2d 1221, 1228 (3d Cir.

1993) ("[T]he duty of fair representation is inextricably linked

to the union's status as exclusive bargaining representative in

the collective bargaining process or in the administration of

rights under a collective bargaining agreement.").  Thus,

relations between a union member and his or her union –

including internal union disciplinary matters – do not fall

within the duty of fair representation.[6]

Here, despite the complaint's use of the term "grievance"

(which is typically associated with the labor-management dispute

resolution procedure under a collective bargaining agreement),

it is clear that what plaintiff filed with APFA – as to which he

complains of APFA's failure to take any action – was not a

grievance against management under the collective bargaining

agreement between AA and APFA but rather a demand that internal

---

[6] Indeed, even in dealings with the employer, the duty of
fair representation does not apply to the extent the individual
employee is permitted under the collective bargaining agreement
to defend his or her own interests without union representation.
American Fed'n of Gov't Employees v. FLRA, 812 F.2d 1326, 1328
(10th Cir. 1987).

union disciplinary proceedings be instituted against Carrigan.
See Complaint ¶ 16 ("Madikians filed formal charges with APFA
demanding an investigation of Carrigan as an officer and agent
of APFA"). Plaintiff's statement of his "grievance" in his
letter to APFA of March 21, 2004 – described in paragraph 18 of
the complaint – makes this abundantly clear. See Exhibit A ("I
hereby invoke my rights as a member in good standing of APFA to
file formal charges . . . pursuant to the APFA Constitution,
Article VII – Hearings and Disciplinary Procedures . . . against
Julia Carrigan as an officer and agent of APFA.").[7]

As the claim presented in Count Four thus does not fall
within the bounds of the duty of fair representation, that claim
must be dismissed for failure to state a claim upon which relief
can be granted.

   III. ABSENT ANY VIABLE CLAIM ARISING UNDER FEDERAL
        LAW, THE COURT SHOULD DECLINE TO EXERCISE
        SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE
        LAW CLAIMS

There remain plaintiff's claims under Massachusetts law,
articulated in Counts Two and Three, for defamation and

_____

   [7] The Court may – without converting this motion to dismiss
into a motion for summary judgment – consider documents attached
to the motion to dismiss that are referred to in the complaint
and are integral to plaintiff's claim. See Menominee Indian
Tribe v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998); Field v.
Trump, 850 F.2d 938, 949 (2d Cir. 1988); 5C Charles A. Wright &
Arthur R. Miller, Federal Practice and Procedure § 1371, at 276
(3d ed. 2004).

intentional infliction of emotional distress.  If, as we urge,
the Court dismisses all of the complaint's federal claims, the
assertion of supplemental jurisdiction over these state law
claims would be inappropriate.

The federal supplemental jurisdiction statute provides that
the Court "may decline to exercise supplemental jurisdiction
over a claim" if, <u>inter alia</u>, "the district court has dismissed
all claims over which it has original jurisdiction."  28 U.S.C.
§ 1367(c)(3).  That is the proper course here.  "When federal
claims are dismissed before trial, state claims are normally
dismissed as well."  <u>McInnis-Misenor v. Maine Medical Ctr.</u>, 319
F.3d 63, 74 (1st Cir. 2003); <u>see also</u> <u>O'Connor v. Commonwealth
Gas Co.</u>, 251 F.3d 262, 272 (1st Cir. 2001) ("Courts generally
decline to exercise supplemental jurisdiction over state claims
if the federal predicate is dismissed early in the
litigation."); <u>Camelio v. American Fed'n</u>, 137 F.3d 666, 672 (1st
Cir. 1998) (setting out relevant factors in exercise of court's
discretion, and concluding that "the balance of competing
factors ordinarily will weigh strongly in favor of declining
jurisdiction over state law claims where the foundational
federal claims have been dismissed at an early stage in the
litigation").

Here, the litigation will – if the Court agrees with our
analysis set forth above – be dismissed at the earliest possible

stage, after no more has occurred than the filing of the complaint.  As no countervailing consideration is apparent, the Court should decline to exercise supplemental jurisdiction over plaintiff's state law claims.

CONCLUSION

For the reasons set forth above, the complaint should be dismissed.

Respectfully submitted,


    s/David B. Rome
DAVID B. ROME, BBO #426400
Pyle, Rome, Lichten
  & Ehrenberg, P.C.
18 Tremont Street, Suite 500
Boston, Massachusetts 02108
(617) 367-7200
(617) 367-4820 (fax)

JOHN M. WEST
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600
(202) 842-1888 (fax)

Counsel for Defendant

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Memorandum of Defendant Julia Carrigan in Support of Motion to Dismiss was served by first-class mail, postage prepaid, this <u>4th</u> day of February, 2005, on counsel for plaintiff as follows:

David D. Nielson
15 Cottage Avenue, Suite 301
Quincy, MA 02169

Daniel J. Ciccariello
15 Cottage Avenue, Suite 301
Quincy, MA 02169


_____s/ David B. Rome_____
David B. Rome

- 11 -