**IN THE**
**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MASSACHUSETTS**

```
_____
                                    )
ROUBEN MADIKIANS,                   )
                                    )
            Plaintiff,              )
                                    )      No. 04-cv-12451-JLT
v.                                  )      Judge Joseph L. Tauro
                                    )
AMERICAN AIRLINES ASSOCIATION       )
OF PROFESSIONAL FLIGHT              )
ATTENDANTS ("APFA"), et at.,        )
                                    )
            Defendants              )
                                    )
_____)
```

**PLAINTIFF'S OPPOSITION**
**TO JULIA CARRIGAN'S MOTION TO DISMISS**

**and**

**PLAINTIFF'S REQUEST FOR LEAVE TO AMEND COMPLAINT**

Plaintiff Rouben Madikians submits this memorandum in opposition to defendant Julia Carrigan's Motion to Dismiss. Madikians also requests for leave to amend the complaint to conform to the alleged facts.

In summary of defendant's motion, Carrigan argues that Counts One and Four lack for failure to state a claim for which relief can be granted, Fed.R.Civ.P. 12(b)(6), and that because Counts Two and Three are purely State claims, this Court should decline jurisdiction and dismiss the complaint against all defendants. Specifically, Carrigan argues that Count One fails as she construes it as a Title VII claim and there is within the complaint no allegation of relevant discrimination. As to Count Four, she

argues that it too fails because a union's duty of fair representation does not extend to intra-union controversies.  Carrigan concludes that in the absence of Counts One and Four, this Court should decline jurisdiction over the remaining claims because they fall squarely within state jurisdiction, and dismiss the complaint in its entirety and with respect to all defendants.

In contrast to Carrigan's motion, however, Count One is pursuant to Title I of the Labor-Management Reporting and Disclosure Act, and thereby does state a claim for which relief can be granted.  As to Count Four, plaintiff agrees that a union's duty of fair representation does not extended to internal union controversies. But here, American Airlines Association of Professional Flight Attendants ("APFA") was noticed of American Airlines' ("AA") actions against its member Madikians, but breached its duty to provide fair representation.  That states a claim for which relief can be granted (albeit, not as alleged in Count Four) since it is a breach of the duty of fair representation, and sufficient facts are alleged to support such a claim.  Thus, Madikians requests leave to amend Count Four to be consistent with a breach of the duty of fair representation.

There are additional duties of care separate from the duty of fair representation that flow to APFA members; those duties originate from a union's collective bargaining agreement and its constitution.  Madikians requests leave of Court to amend the complaint and incorporate additional claims reflecting those separate duties, as well as to add claims relating to M.G.L. c.151B, as alleged in the Massachusetts Commission Against Discrimination complaint.

As to the legal standard for dismissal, a court should not dismiss the complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46

(1957).  In the present case, there are sufficient facts to support a claim for which relief

can be granted as will be discussed below.  But in any event, plaintiff Madikians

respectfully requests leave to amend the complaint, and such leave should be freely

granted when so requires.  Fed.R.Civ.P. 15(a).


## FACTS AND BACKGROUND

The facts can be summarized quickly.  Plaintiff Madikians initiated a petition

against AFPA chairperson Carrigan, an elected union official.[1]  Complaint ¶¶ 9, 11.  In

retaliation, Carrigan signed a publication[2] that was distributed with approval of

defendant Cox, an agent-employee of AA, to all APFA members.[3]  Id. ¶ 13.  That

publication states that Madikians had been stalking Carrigan's family and minor-child.

Id.  She also publicly stated the same at an APFA national meeting during elections. Id.

¶ 17.  Defendant Amy Milenkovic, an APFA representative appointed by Carrigan, also

participated by telling other employees during scheduled flights that Madikians was a

child-stalker.  Id. ¶ 12.  Plaintiff Madikians informed APFA of the internal conflict

between him and Carrigan, and of the defamatory nature of the publication.  Id. ¶ 18. He

also notified AA and demanded an investigation into its approval of the publication of

---

[1] Plaintiff uses the term "initiated" to indicate that although he had obtained approximately 125 signatures as of the date of the defamatory statements, he was pursuing an additional 75 (approx.) signatures to constitute a two-thirds majority required for removal of an elected officer.

[2] As a side note that will be shown that the publication was actually drafted by a member of APFA's executive board. Nonetheless, it was signed and published by Carrigan.

[3] Because APFA distributes materials to its members via AA's mailboxes and bulletin boards, review and approval is required by AA before distribution.

which APFA was aware.[4] Id. ¶ 15. In the end, however, APFA did nothing, Id. ¶ 20, and AA only conducted cursory investigation, Id. ¶ 19.  Subsequently, Carrigan repeated the defamatory statements before an audience at a nation APFA convention.  Id. ¶ 17. Thereafter, Madikians filed a complaint with the Massachusetts Commission Against Discrimination[5] (MCAD) naming APFA, its elected officer Carrigan and representative Milenkovic, as well as AA's agent Kelly Cox. Id. ¶ 22.  That MCAD complaint alleges that Defendant Carrigan's statements, and the involvement of the other defendants, were discriminatory as a "classic example of the stereotype predator 'gay' man stalking a child for sexual favors." Id.

Hence, on November 19, 2004, Madikians filed a four-count complaint with this Court.  Count One alleges that defendants retaliated in a politically-motivated response to Madikians exercising a protected act.  Counts Two and Three allege defamation and intentional infliction of emotion distress.  And Count Four alleges a failure of fair representation by APFA.

All defendants were sent a request for waiver of service. Defendants AA and Carrigan accepted in due course.  Defendant Cox did not reply and has since been served.   The APFA did not reply to the waiver sent via defendant Carrigan as APFA Chairperson, and is in the process of being served at its headquarters in Euless, Texas. We have been unable to serve defendant Amy Milenkovic and still are investigating her whereabouts; at present, it appears that she is still employed by AA and is a union

---

[4] Madikians first requested retraction and then he requested permission to distribute a rebuttal.  Both of those requests were denied.

[5] The MCAD complaint was filed through prior counsel not involved with the present case.

member in good standing, but is now domiciled in Iowa. The proper Sheriff's department in Iowa is currently attempting to serve her there.

I.    COUNT ONE ALLEGES THAT DEFENDANTS RETALIATED AGAINST PLAINTIFF MADIKIANS BY USING SLANDER AND LIBEL IN A POLITICALLY MOTIVATED ATTEMPT TO DISSUADE HIM FROM EXERCISING A PROTECTED ACT, AND THEREBY STATES A CLAIM UPON WHICH RELIEF CAN BE GRANTED UNDER THE LABOR-MANAGEMENT REPORTING AND DISCLOSURE ACT.

Count One of the complaint alleges facts sufficient to provide relief for violation of Title 1 of the Labor-Management Reporting Disclosure Act (LMRDA), and is therefore, a claim for which relief can be granted.  Count One is properly before this Court as a federal question.

Count One alleges that (i) Plaintiff Madikians was instituting a petition for the removal of elected union officer Carrigan, Complaint ¶ 25; (ii) Carrigan responded by publishing that Madikians was a child-stalker, Id. ¶ 26; (iii) the publication was distributed after review and with the approval of Cox as employee/agent for AA, Id. ¶¶ 13, 27; (iv) AA knew of the retaliation and resultant hostile environment, and allowed it to continue Id. ¶ 27; and (v) APFA knew of the defamation and resultant hostile environment and also allowed it to continue, Id. ¶ 28.  Those alleged facts state a claim under Title I of the Labor-Management Reporting Disclosure Act, 29 U.S.C. § 411(a)(1) by arbitrarily and discriminatorily denying members the right to vote for the officer of their choice, and § 411(a)(5) for retaliation against him for initiating the petition against Carrigan.  This Court should not dismiss Count One because Madikians can prove a set of facts in support of his claim which will entitle him to relief.  Conley v. Gibson, supra.

The LMRDA regulates the internal affairs of labor union, "Title I… provides a statutory 'Bill of Rights' for union members, including protection for members involved in union elections…."  Local No. 82, Furniture & Piano Moving, Furniture Store Drivers, Helpers, Warehousemen 7 Packers v. Crowley, 467 U.S. 526, 528 (1984).  Jurisdiction falls squarely on district courts.  Fiori v. Truck Drivers Union Local 170, 130 F.Supp 150, 153, rev'd on other grounds, 354 F.3d 84 (1st Cir. 2004).   Under one of those rights, members of a union have an "almost absolute free speech right." Maceira v. Pagan, 649 F.2d 8, 14 (1st Cir. 1981), citing Turner v. Air Transport Lodge 1984, Etc., 590 F.2d 409 (2nd Cir. 1978).  That right is a far ranging protection to the "rights of union members to discuss freely and to criticize the management of their union and the conduct of their officers".  Salzhandler v. Caputo, 316 F.2d 445 (2d Cir.), cert. denied, 375 U.S. 946 (1963).  And a union cannot retaliate against a member for exercising those rights. See, e.g., Fiori, 354 F.3d at 86 ("The NLRB heard evidence and concluded that Local 170's [defamatory] charges against Fiori were *politically motivated retaliation*…")(emphasis added).

In the present case, plaintiff Madikians was involved in exercising that 'Bill of Rights" in obtaining signatures for a removal petition[6] against member-elected officer Carrigan.  She, however, retaliated with malicious, injurious defamation.  AA reviewed and approved the publication for distribution through its mail distribution.  Union representative Milenkovic aided Carrigan in those endeavors by spreading the same defamatory statements to other members of APFA and employees of AA.  The APFA

---

[6] AFPA's Constitution, Art. II provides the right of free speech, freedom of assembly and freedom to dissent; Art. VIII provides that an officer or representative may be removed by petition.

was notified and did nothing.  AA was notified and performed insufficiently, e.g., negligently. Complaint, supra.

As such, Count One states a claim against the defendants for which relief can be granted and should not be dismissed.  Further, plaintiff Madikians requests leave to amend the complaint to allege that AA and its agent Cox breached a duty to protect employees from a hostile work environment.

II.    IN THE PRESENT CASE THERE IS A MEMBER-EMPLOYER DISPUTE FOR WHICH A DUTY OF FAIR REPRESENTATION ARRISES, AND THERE ARE ALSO SEPARATE DUTIES APART FROM THE DUTY OF FAIR REPRESENTATION THAT FLOW FROM THE COLLECTIVE BARGAINING AGREEMENT AND THE UNION'S CONSTITUTION OF WHICH THE DEFENDANTS BREACHED.

Count Four alleges that defendant APFA failed in its duty of fair representation to protect plaintiff Madikians against an intra-union conflict.  Carrigan argues that such duty does not extend to intra-union conflicts, and Madikians agrees.  But that does not free APFA. It did and continues to have a duty to of fair representation with regard to the controversies between union-member Madikians and employer-AA.  There are also separate duties apart from the duty of fair representation that apply in the present case. BIW Deceved v. Local S6, 132 F.3d 824, 834 (1st Cir. 1997).

First, a union breaches its duty of fair representation when its conduct toward a member of the collective bargaining agreement is arbitrary, discriminatory, or in bad faith.  Miller v. United States Postal Service, 985 F.2d 9, 11 (1st Cir. 1993), quoting, Vaca v. Sipes, 386 U.S. 171, 190 (1967).  A breach of that duty occurs when, "in light of the factual and legal landscape at the time of the union's action, the union's behavior is

so far outside a 'wide range of reasonableness' as to be irrational."  Id., quoting, Air Line

Pilots Ass'n Int'l v. O'Neill, 499 U.S. 65, 67 (1991).

In the present case, APFA failed to take any action and failed to represent

plaintiff regarding his dispute with employer-AA.  Id. ¶ 42.  And thus, AFPA failed in its

duty of fair representation.  Id. ¶ 44.  Madikians was subject to wrongful action by AA by

its review and approval of the defamatory statements of Carrigan. Complaint ¶¶ 13, 15 –

16, 19.  Further, Madikians demanded an investigation as to AA's actions.  Madikians

informed APFA of the events at AA, but APFA stood by silent in behavior, "so far

outside a wide range of reasonableness as to be irrational."  Air Line Pilots Ass'n Int'l,

supra.

A union also has a further duty of care to its members separate from a duty of fair

representation of those members in relation to third-party employers.  BIW Deceived v.

Local S6, supra.  When a union acts pursuant to its collective bargaining agreement, a

duty arises under that agreement.  Id. at 833.  In the present case, Article 28 of the

collective bargaining agreement[7] between AA and APFA defines steps that should have

been taken by APFA through its representatives.  But AFPA failed to take any of those

steps on Madikians' behalf.  Because APFA failed to take any such action required by

the agreement, it was negligent in performing its duties and in breach of its contract.

A union has a still further duty to protect is members from wrongful acts of its

executives, officers and representatives, and that duty flows from its constitution.

---

[7] "After a [notice of dispute] is filed, the company, the Flight Attendant(s) and his/her
APFA representative should endeavor to discuss and resolve the dispute as soon as
possible.  The parties will commence the exchange of all documents supporting their
respective positions at this point."  APFA Collective Bargaining Agreement, Art 28, §4
(a).

AFPA's Constituion Art VII prescribes steps to be taken and resultant union action in cases involving intra-union controversies.[8]  Plaintiff Madikians filed charges with APFA's Secretary under Article VII of APFA's constitution.  Again in response, APFA did nothing, and that was a breach of a duty flowing from its constitution.

Thus, the present case does involve a duty of fair representation (albeit, not as alleged in Count Four).  And also separate duties flowing from the collective bargaining agreement and its constitution.  All of those duties are federal questions preempted from state jurisdiction.  29 U.S.C. § 185.  And each duty presents a claim for which relief can be granted.

## CONCLUSION

The complaint should not be dismissed because it states a claim for which relief can be granted. But in any event, plaintiff Madikians requests leave of Court to amend the complaint.

---

[8] Art. VII Section 1 reads in relevant part, "Any member is subject to fine, suspension or expulsion, or suspension from or removal from office, for any of the following acts…D. Willful violation of a Flight Attendant's Collective Bargaining Agreement…F. Willful violation of an express Article of this Constitution…G. Willfully acting in a manner that causes the Association to violate its legal obligation…. Section 2 deals with the filing of charges.  Section 3 deals with review of charges.

Respectfully Submitted,
Rouben Madikians,
By his attorneys,

Dated: 2/17/2005

_s/ David D.Nielson_____
David D. Nielson BBO# 652743
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 773-6866

__s/ Daniel Ciccariello_____
Daniel Ciccariello BBO# 637529
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 773-6866

<u>CERTIFICATE OF SERVICE</u>

I, David D. Nielson, certify that the foregoing Opposition to Carrigan's Motion to Dismiss was served by first-class mail, postage prepaid, this 17th day of February 2005, on counsels for the defendants as follows:

John M. West
Attorney for Julia Carrigan
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005

Michael A. Fitzhugh
Attorney for AA & Kelly Cox
Fitzhugh, Parker & Alvaro LLP
155 Federal Street
Suite 1700
Boston, MA 02110

APFA, Pro se
C/O Tommie Hutto-Bland, President
1004 West Euless Boulevard
Euless, TX 76040

Amy Milenkovic, Pro se
2110 Campus Street, Apt. 1
Cedar Falls, IA 50613

__s/ David D. Nielson____
David D. Nielson, Esq.