# U.S. DISTRICT COURT
## For the
### EASTERN DISTRICT OF MASSACHUSETTS

DOCKET NO: 1:04-cv-12451-JLT

| | |
|---|---|
| ROUBEN MADIKIANS,<br>   Plaintiff, | |
| v. | **AMENDED COMPLAINT** |
| AMERICAN AIRLINES ASSOCIATION<br>   OF PROFESSIONAL FLIGHT<br>   ATTENDANTS ("APFA"),<br>   Defendant, | **AND**<br><br>**DEMAND FOR JURY TRIAL** |
| AMERICAN AIRLINES, CO. ("AA")<br>   Defendant, | |
| JULIA CARRIGAN,<br>   Personally and in her capacity as<br>   Boston Domestic Chair of APFA<br>   Defendant, | |
| KELLY COX,<br>   Personally and in her capacity as<br>   AA Boston Based Manager,<br>   Defendant; and | |
| AMY MILENKOVIC,<br>   Personally and in her capacity as<br>   APFA Representative,<br>   Defendant. | |

## INTRODUCTION

1. The plaintiff, Mr. Rouben Madikians, seeks damages from the defendants for politically motivated retaliation, defamation, intentional infliction of emotional distress, failure of fair representation, breach of the union's constitution and collective bargaining

agreement, and discrimination, arising in connection with exercising a legal activity in his capacity as a union member of the Association of Professional Flight Attendants ("APFA") and as employee of American Airlines ("AA").

## PARTIES

2. Plaintiff Mr. Rouben Madikians (hereinafter "Madikians"), is a resident of Massachusetts, residing at 15 St. George Street, Apt. 3, Boston, Massachusetts 02118, and was and is an employee of American Airlines Co., and a member in good standing of the Association of Professional Flights Attendants.

3. Defendant Association of Professional Flight Attendants (hereinafter "APFA"), is an organized collective bargaining association, and operates, in relevance herein, at 1004 West Euless Boulevard, Euless, Texas, 76040.

4. Defendant American Airlines Co. (hereinafter "AA"), is a corporation having a place of business in Massachusetts at Logan International Airport, Terminal B, East Boston, Massachusetts 02128.

5. Defendant Julia Carrigan (hereinafter "Carrigan"), is a resident of Massachusetts and is and was at all relevant times the Boston Domestic Chairperson of the APFA, and has a business address at 20 Chestnut Street, Charlestown, Massachusetts 02129.

6. Defendant Kelly Cox (hereinafter "Cox"), is a resident of Massachusetts and was at all relevant times the Boston Based Manager of AA, and has a mailing address at Logan International Airport, Terminal B, East Boston, Massachusetts 02128.

7. Defendant Amy Milenkovic (hereinafter "Milenkovic"), is a resident of Iowa, and was at all relevant times the APFA Representative at the Boston Base of APFA, and has a mailing address at 2110 Campus Street, Apt. 1, Cedar Falls, IA 50613.

## FACTS

8. Madikians was employed by AA, and was a member of the APFA at all relevant times.

9. On or about December 23, 2003, Madikians informed Carrigan of his initiation of a petition demanding Carrigan's removal in her capacity as APFA Boston Domestic Chair.

10. On or about December 30, 2003, Madikians traveled to Euless, Texas to inspect APFA's records and discover events related to Carrigan in her capacity; those records being open and available to all members in good standing of the APFA.

11. On or about January 30, 2004, Madikians commenced to solicit signatures from APFA members in good standing. He released portions of the records obtained relating to dates and times of travel of defendant Carrigan while purportedly on Union business when in fact, she was attending personal events benefiting neither the Union nor AA. He obtained approximately 125 signatures, and was still attempting to acquire additional signatures.

12. On or about February 1, 2004, Madikians became aware that Carrigan and Milenkovic, an APFA representative appointed by Carrigan, had initiated a "smear" campaign against him, and were maliciously and falsely stating that Madikians had been stalking Carrigan's family and minor son, which is especially outrageous and damaging to Madikians' reputation because he is known by the defendant to be gay; that such activity as stocking a minor-child would constitute criminal activity.

13. On or about February 4, 2004, Carrigan with the approval of AA and its employee-agent Cox, published to all APFA members and caused to be displayed in obvious areas of the work place a "Winter 2004 Base Brief" newsletter in which Carrigan stated that Madikians had been stalking her family and minor son, both of which are false, malicious and outrageous.

14. On or about January 23, 2004, Carrigan filed a police report with the Boston Police stating that on January 20, 2004 she was telephoned by Madikians requesting her whereabouts on certain days when she was acting as Boston Domestic Chair, and although "Victim states that she does not really feel threatened by subject," she "wants to file to report to begin reporting suspect's action in case she feels more threatened." Such filing of a police report was to directly harass and injure plaintiff Madikians.

15. On or about February 16, 2004, Madikians demanded that AA conduct an investigation into the events relating to its review and approval of the publication, informing AA that

    he was being subjected to a hostile work environment. Madikians notified APFA of his complaint with AA, however.

16. On or about February 25, 2004, Madikians filed formal charges with APFA demanding an investigation of Carrigan as an officer and agent of APFA.

17. On or about the first week of March 2004, in an open meeting related to APFA business, Carrigan stated to the audience that Madikians was stalking her child.

18. On or about March 21, 2004, Madikians filed a further grievance related APFA officers and demanded a hearing.

19. On or about July 21, 2004, AA stated that it completed an investigation. AA took no known action and declined to deliver to Madikians its findings and/or recommendations.

20. On or about June 2004, APFA informed Madikians that it would not accept his grievance, and no investigation was performed.

21. On or about February 25, 2004, Madikians filed a disability claim for suffered emotional distress which manifested itself emotionally and physically. He was unable to return to work because of the hostile work environment and the damage to his reputation.

22. On or about February 27, 2004, Madikians filed a Charge of Discrimination with the Massachusetts Commission Against Discrimination alleging retaliation, slander, Amended on or about May 21, 2004 to include discrimination based on sexual orientation and use of the term "stalking."

23. On or about July 21, 2004, Madikians was informed that the investigation was completed and closed. No known action was taken.

24. On or about August 23, 2004, the Massachusetts Commission Against Discrimination dismissed the Charge of Discrimination.

25. Madikians continues to suffer both emotionally and physically; he also suffers from reduced earnings, professional standing and loss of reputation.

## COUNTS

### COUNT ONE
### RETALIATION
### (VIOLATION OF LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT)

26. The plaintiff repeats, restates, and incorporates the allegations contained in paragraphs one through 25 as though specifically re-written and set forth herein.

27. Plaintiff initiated a petition to remove defendant Carrigan from office.

28. Defendants APFA, Carrigan and Milenkovic, in politically motivated retaliation, defamed plaintiff via untrue, malicious, injurious and outrageous publications and statements.

29. Plaintiff notified APFA in accordance with its Constitution.

30. Defendant APFA failed to take any action, and its failure was arbitrary capricious and discriminatory.

WHEREFORE Plaintiff demands judgment against the defendants APFA, Carrigan and Milenkovic on Count One in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper.

### COUNT TWO
### DEFAMATION

31. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 30 as though specifically re-written and set forth herein.

32. Defendant APFA wrote untrue, malicious, injurious and outrageous statements regarding plaintiff.

33. Defendant Carrigan published those statements via a widely distributed newsletter.

34. Defendant Cox reviewed and allowed those statements to be distributed through defendant AA.

35. Defendant Milenkovic published to other co-workers and union members those untrue, malicious, injurious and outrageous statements.

36. Plaintiff was damaged in his profession, held by his fellows in contempt, scorn and/or ridicule, he was unable to perform major duties because of the deformation, and his standing was impaired, he suffered sever emotional injury.

WHEREFORE Plaintiff demands judgment against the defendants APFA, Carrigan, Milenkovic, AA and Cox on Count Two in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper including punitive damages.

### COUNT THREE
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 36 as though specifically re-written and set forth herein.

38. Defendants Carrigan and Milenkovic did intentionally cause the plaintiff emotional distress by publishing defamatory statements regarding plaintiff; defendants' conduct was extreme and outrageous causing plaintiff's distress.

39. Defendant APFA, knew that those statements were malicious and outrageous, and allowed them to be published and/or assisted in the publication.

40. Plaintiff was damaged in his profession, held by his fellows in contempt, scorn and/or ridicule, and his standing was impaired, and those damages were severe.

WHEREFORE Plaintiff demands judgment against the defendants APFA, Carrigan and Milenkovic on Count Three in an amount to be determined at trial including interest, costs, reasonable attorneys' fees and any and all relief deemed fair and proper.

### COUNT FOUR
### FAILURE OF FAIR REPRESENTATION

41. The plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 40 as though specifically re-written and set forth herein.

42. Plaintiff notified defendant APFA of a dispute between him and employer-AA.

43. Defendant APFA was in conflict with plaintiff because it had caused the dispute between him and AA.

44. Defendant APFA failed in its duty of fair representation, and that failure was arbitrary, capricious and discriminatory.

WHEREFORE Plaintiff in demands judgment against the defendant APFA on Count Four in an amount to be determined at trial including interest, costs, reasonable attorneys' fees, excess damages, and any and all relief deemed fair and proper.

## COUNT FIVE
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

45. The Plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 44 as though specifically re-written and set forth herein.

46. Plaintiff filed a grievance with employer AA of which APFA had a duty under the collective bargaining agreement to represent him.

47. APFA is the sole bargaining agent for the Plaintiff.

48. The defendant APFA failed to take any action on the Plaintiff's behalf in breach of that collective bargaining agreement.

49. This breach of the collective bargaining agreement caused damages to the Plaintiff.

WHEREFORE Plaintiff demands judgment against the defendant APFA on Count Five in an amount to be determined at trial including interest, costs, reasonable attorney's fees, excess damages, and any and all relief deemed fair and proper.

## COUNT SIX
## BREACH OF APFA CONSTITUTION
## (VIOLATION OF LABOR MANAGEMENT RELATIONS ACT, §301)

50. The Plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 49 as though specifically re-written and set forth herein.

51. Plaintiff was a member in good standing with APFA at all relevant times.

52. APFA's constitution dictates steps that must be taken by APFA in response to a notice by its members that an elected official was in violation of its constitution.

53. Plaintiff had notified the APFA that he was charging the defendant Carrigan, its elected official, allegedly misallocated or stole monies or properties of the union.

54. Plaintiff fulfilled all the steps required of a member when, under Article VII, Section 2 of the union's constitution, charging another member or officer of APFA.

55. APFA failed to take those steps and breached its constitution.

56. This breach of the constitution by APFA violates Labor Management Relations Act, §301, Woodall v. International Brotherhood of Electrical Workers, Local 71, 502 U.S. 93, 112 S. Ct. 494, 116 L. Ed. 2d. 419 (1991).

57. This breach of the constitution caused damages to the Plaintiff.

WHEREFORE Plaintiff demands judgment against the defendant APFA on Count Six in an amount to be determined at trial including interest, costs, reasonable attorney's fees, excess damages, and any and all relief deemed fair and proper.

## COUNT SEVEN
## DISCRIMINATION
## (VIOLATION OF MASS. GEN. LAW C. 151B)

58. The Plaintiff repeats, restates, and incorporates the allegation contained in paragraphs one through 57 as though specifically re-written and set forth herein.

59. Defendants Carrigan and Milenkovic discriminated against the Plaintiff on the basis of sexual orientation by their statements and actions that defamed the Plaintiff.

60. The defendants APFA and AA colluded with Defendants Carrigan and Milenkovic, in discriminating against the Plaintiff on the basis of sexual orientation by approving and allowing its officers, representatives and agents to disseminate and publish defamatory materials against the Plaintiff.

61. The character of the defamation was the use of derogatory and stereotypical words and images against the Plaintiff's sexual orientation, used to humiliate the Plaintiff and cause a hostile work environment against the Plaintiff.

62. Plaintiff timely filed a charge with the Massachusetts Commission of Discrimination and exhausted all administrative remedies therewith.

63. The Plaintiff suffered damages due to this deformation.

WHEREFORE Plaintiff demands judgment against the defendant APFA, Carrigan and Milenkovic, and AA and Cox on Count Seven in an amount to be determined at trial including interest, costs, reasonable attorney's fees, excess damages, and any and all relief deemed fair and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a jury trial for all counts triable.

Respectfully Submitted,
Rouben Madikians,
By his attorneys,

Dated: March 1, 2005

s/David D. Nielson
David D. Nielson - BBO# 652743
Law Office of David D. Nielson
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 773-6866

s/Daniel J. Ciccariello
Daniel J. Ciccariello – BBO# 637529
Law Office of Daniel J. Ciccariello
15 Cottage Avenue, Ste. 301
Quincy, MA 02169
(617) 770-9901