UNITED STATES DISTRICT COURT
FOR THE
EASTERN DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROUBEN MADIKIANS,<br>    Plaintiff,<br><br>v.<br><br>AMERICAN ASSOCIATION<br>OF PROFESSIONAL FLIGHT<br>ATTENDANTS ("APFA"),<br>    Defendant,<br><br>AMERICAN AIRLINES, CO. ("AA"),<br>    Defendant,<br><br>JULIA CARRIGAN<br>    Personally and in her capacity<br>    As Boston Domestic Chair<br>    Of APFA,<br>    Defendant,<br><br>KELLY COX,<br>    Personally and in her capacity<br>    As AA Boston Based Manager,<br>    Defendant; and<br><br>AMY MILENKOVIC,<br>    Personally and in her capacity as<br>    APFA Representative,<br>    Defendant. | DOCKET NO. 04-12451-JLT |

**DEFENDANTS, AMERICAN AIRLINES, CO. AND KELLY COX'S
ANSWER TO THE PLAINTIFF'S SECOND AMENDED COMPLAINT**

The Defendants, American Airlines, Co. ("AA") and Kelly Cox ("Ms. Cox"), answer the like numbered paragraphs of the Plaintiff's Second Amended Complaint ("the plaintiff's complaint") as follows:

## INTRODUCTION

1. AA and Cox state that no answer to this paragraph of the plaintiff's complaint is Required of them, because it does not allege facts requiring a response.

## PARTIES

2. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's complaint. AA and Ms. Cox admit that the plaintiff was employed during the relevant time period with American Airlines, Inc., mistakenly designated in the plaintiff's complaint as "American Airlines, Co."

3. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the plaintiff's complaint.

4. AA and Ms. Cox admit to the allegations in paragraph 4 of the plaintiff's complaint, but state that the correct name of the corporate defendant is "American Airlines, Inc."

5. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the plaintiff's complaint.

6. AA and Ms. Cox admit to Ms. Cox's employment at AA as a Boston Based Manager and also admit that the address given is the correct one for American's operations at Logan International Airport.

7.  AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the plaintiff's complaint.

## FACTS

8.  AA and Ms. Cox admit that the plaintiff was employed by American Airlines, Inc., and a member of the APFA.

9.  AA and Ms. Cox admit that Mr. Madikians made known his initiation of a petition, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the plaintiff's complaint.

10. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the plaintiff's complaint.

11. AA and Ms. Cox admit that Mr. Madikians solicited certain signatures and released what purported to be certain APFA records, but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 11 of the plaintiff's complaint.

12. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the plaintiff's complaint, and in further answering state that the characterization of the facts alleged in paragraph 12 do not warrant or require a response from them.

13. AA and Ms. Cox admit that they allowed the publication of certain information in accordance with the provisions applicable to the APFA's collective bargaining agreement, but they deny the remainder of the allegations in paragraph 13 of the plaintiff's complaint.

14. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the plaintiff's complaint.

15. AA admits the allegations in paragraph 15 of the plaintiff's complaint insofar as they allege that Mr. Madikians requested that AA take certain actions to ascertain facts that he contended had occurred.

16. AA and Ms. Cox admit that Mr. Madikians sought to avail himself of certain remedies that he had or contended that he had pursuant to his membership in the APFA.

17. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the plaintiff's complaint.

18. AA and Ms. Cox admit that Mr. Madikians sought to avail himself of certain remedies that he had, or contended that he had, pursuant to his membership in the APFA and granted to him under its collective bargaining agreement.

19. AA admits the allegations contained this paragraph of the plaintiff's complaint insofar as they allege that it had ascertained certain facts by that date, but AA and Ms. Cox deny the remaining allegations in paragraph 19 of the plaintiff's complaint.

20. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the plaintiff's complaint.

21. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the plaintiff's complaint, insofar as they allege his purported physical and emotional condition, but admit that he filed a claim for disability benefits on or about this date.

22. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the plaintiff's complaint, insofar as they allege that a charge of discrimination filed on or about February 27, 2004 was purportedly amended on or about May 21, 2004.

23. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the plaintiff's complaint, because it is not evident which "investigation" is the focus of the allegations. Plaintiff has referred to "investigations" constituting two discrete events in prior paragraphs of his complaint, and directed at two different defendants, and thus this paragraph is not capable of a response by AA or Ms. Cox.

24. AA and Ms. Cox admit to the allegations in paragraph 24 of the plaintiff's complaint insofar as they allege certain action taken by the MCAD, but such actions speak for themselves.

25. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the plaintiff's complaint and therefore deny the same.

## COUNTS

### COUNT ONE
### RETALIATION
### (VIOLATION OF LABOR MANAGEMENT REPORTING AND DISCLOSURE ACT)

26. AA and Ms. Cox reassert and re-allege paragraphs 1 through 25 as if fully set forth herein.

27. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

28. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

29. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

30. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

### COUNT TWO
### DEFAMATION

31. AA and Ms. Cox reassert and re-allege paragraphs 1 through 30 as if fully set forth herein.

32. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

33. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

34. AA and Ms. Cox admit that they allowed publication of certain information in accordance with the provisions of the applicable APFA collective bargaining agreement, but deny the remaining allegations in paragraph 34 of the plaintiff's complaint insofar as they incorporate the allegations in paragraphs 32 and 33.

35. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

36. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the plaintiff's complaint and therefore deny the same.

## COUNT THREE
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

37. AA and Ms. Cox reassert and re-allege paragraphs 1 through 36 as if fully set forth herein.

38. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

39. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

40. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

## COUNT FOUR
## FAILURE OF FAIR REPRESENTATION

41. AA and Ms. Cox reassert and re-allege paragraphs 1 through 40 as if fully set forth herein.

42. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

43. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

44. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

## COUNT FIVE
## BREACH OF COLLECTIVE BARGAINING AGREEMENT

45. AA and Ms. Cox reassert and re-allege paragraphs 1 through 44 as if fully set forth herein.

46  AA and Ms. Cox lack knowledge or information sufficient to form a belief as to truth of the allegations set forth in paragraph 46 insofar as they allege that the plaintiff filed a grievance, but state that the remaining allegations in this paragraph of the complaint are conclusions of law to which no response is required of them.

47. AA and Ms. Cox admit to the allegations set forth in paragraph 47.

48. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

49. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the plaintiff's complaint and therefore deny the same.

## COUNT SIX
## BREACH OF APFA CONSTITUTION
## (VIOLATION OF LABOR MANAGEMENT RELATIONS ACT, §301)

50. AA and Ms. Cox reassert and re-allege paragraphs 1 through 49 as if fully set forth herein.

51. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

52. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

53. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

54. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

55. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

56. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

57. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the plaintiff's complaint and therefore deny the same.

## COUNT SEVEN
## DISCRIMINATION
## (VIOLATION OF MASS. GEN. LAW C. 151B)

58. AA and Ms. Cox reassert and re-allege paragraphs 1 through 57 as if fully set forth herein.

59. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

60. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them.

61. The allegations in this paragraph of the plaintiff's complaint are not directed at AA or Ms. Cox, and therefore no answer is required of them. In further answering, AA and Ms. Cox state that to the extent the allegations in this paragraph of the complaint alleging a hostile work environment are implicitly or impliedly directed at both or either of them, they are denied.

62. AA and Ms. Cox admit to the allegations set forth in paragraph 62 insofar as they allege that the plaintiff filed a charge of discrimination, but state that whether the plaintiff exhausted his administrative remedies is a conclusion of law to which no response is required of them.

63. AA and Ms. Cox are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the plaintiff's complaint and therefore deny the same.

## COUNT EIGHT
## VICARIOUS LIABILITY

64. AA and Ms. Cox reassert and re-allege paragraphs 1 through 63 as if fully set forth herein.

65. AA and Ms. Cox admit to the allegations set forth in paragraph 65.

66. AA and Ms. Cox admit that when publication of the materials and statements described in paragraph 13 above was allowed, Ms. Cox was acting within the scope of her employment at AA, but in further answering state to insofar as this paragraph implicitly or impliedly alleges that any such actions constituted unlawful discrimination, they both deny to the allegations set forth in paragraph 66.

67. AA denies the allegations set forth in paragraph 67.

## **GENERAL DENIAL**

Defendants AA and Ms. Cox deny each and every allegation contained in the plaintiff's complaint not specifically admitted herein.

## **AFFIRMATIVE DEFENSES**

### FIRST DEFENSE

The plaintiff cannot recover damages for defamation from American or Ms. Cox, because he was a public figure in the context of the operative facts, and therefore any such statements made or published are not actionable.

## SECOND DEFENSE

The plaintiff cannot recover for defamation from American or Ms. Cox, because any statements made or published were not rendered or proffered with actual malice.

## THIRD DEFENSE

The plaintiff cannot recover damages for defamation from Ms. Cox because her conduct in approving or allowing any publication of statements regarding Mr. Madikians is protected by a qualified privilege.

## FOURTH DEFENSE

The plaintiff cannot recover damages for defamation from Ms. Cox or American based on the truth of the statements published concerning him.

## FIFTH DEFENSE

Count VII of the complaint fails to state a claim upon which relief can be granted as against Ms. Cox on Mr. Madikians' discrimination claim, because he has failed to exhaust his administrative and subsequent judicial remedies under G.L. ch 151B, and therefore this Court lacks jurisdiction over this claim to the extent it is predicated upon a "hostile work environment" due to unlawful discrimination.

## SIXTH DEFENSE

Any damages the plaintiff may have sustained are the proximate result of the conduct of a third party or third parties for which American and/or Ms. Cox are not legally responsible.

## SEVENTH DEFENSE

Count VII of the complaint fails to state a claim upon which relief can be granted as against Ms. Cox on Mr. Madikians' discrimination claim, because Ms. Cox had no role in creating or controlling any "hostile work environment" that Mr. Madikians allegedly endured, nor did she in any way contribute to or exacerbate any such "hostile work environment" caused by the unlawful discrimination of others outside of her direction or control.

## EIGHTH DEFENSE

Count VIII of the complaint fails to state a claim upon which relief can be granted as against American, because even if all of the facts alleged are true, plaintiff cannot recover against it under a *respondeat superior* theory of liability.

## NINTH DEFENSE

All actions taken by American and/or Ms. Cox with regard to Plaintiff's employment were for good cause and taken in good faith and without any discriminatory motive.

## TENTH DEFENSE

All actions taken by Ms. Cox and/or American with regard to Plaintiff's employment were based on legitimate business reasons unrelated to any prohibited characteristic.

## ELEVENTH DEFENSE

To the extent that Plaintiff asserts claims in this action that were not included in his administrative charge of discrimination, they are barred.

## TWELVETH DEFENSE

To the extent that it is shown that the plaintiff has failed to properly mitigate his damages, his recovery must be denied or reduced accordingly.

## THIRTEENTH DEFENSE

American's good faith efforts to comply with Massachusetts' anti-discrimination laws preclude any recovery of punitive damages against American and/or Ms. Cox.

## FOURTEENTH DEFENSE

American and Ms. Cox are entitled to indemnification from the AFPA and Ms. Carrigan for any damages that the plaintiff is awarded as a result of any wrongful acts of either the AFPA or Ms. Carrigan, jointly and severally.

## FIFTEENTH DEFENSE

The plaintiff's claims are preempted by the provisions of the Railway Labor Act, and therefore he cannot pursue such claims against American or Ms. Cox.

**American and Ms. Cox reserve the right to assert additional affirmative defenses if and when appropriate.**

## AMERICAN AND MS. COX DEMAND A JURY TRIAL ON ALL ISSUES SO TRIABLE.

**WHEREFORE**, American Airlines, Inc. and Kelly Cox demand that the complaint be dismissed and judgment entered in their favor, with an award of attorney's fees and costs.

AMERICAN AIRLINES, INC. And
KELLY COX,
By Their Attorneys,

_____
Michael A. Fitzhugh, BBO # 169700
Anne Marie Gerber, BBO # 649337
**FITZHUGH, PARKER & ALVARO LLP**
155 Federal Street, Suite 1700
Boston, MA 02110-1727
(617) 695-2330

Dated: March 29, 2005

## Certificate of Service

I hereby certify that I caused a copy of the forgoing to be served upon opposing counsel of record, by first class mail postage prepaid, this 29th day of March, 2005.

_____
Angelina Velazquez

15