```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| ROUBEN MADIKIANS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. 1:04-cv-12451-JLT |
| ) | |
| AMERICAN AIRLINES ASSOCIATION ) | |
| OF PROFESSIONAL FLIGHT ) | |
| ATTENDANTS ("APFA"), et al., ) | |
| ) | |
| Defendants. ) | |

```
         UNION DEFENDANTS' REPLY BRIEF IN SUPPORT OF
          MOTION TO DISMISS SECOND AMENDED COMPLAINT
```

   1.   <u>LMRDA</u>.  The issue is not whether defamation is "politically protected speech," Pl. Opp. at 4, but whether the defendants' critical comments about plaintiff Madikians – including the alleged defamation – give rise to a cause of action under federal law.

   Plaintiff is correct that the only issue on appeal in <u>Fiori v. Truck Drivers, Local 170</u>, 354 F.3d 84 (1st Cir. 2004), was a state-law claim of defamation.  That case thus has no bearing whatever on whether plaintiff has stated a claim under the LMRDA.  In particular, the passage quoted at the top of page 6 of plaintiff's brief was addressed to whether the plaintiff in <u>Fiori</u> had proven the economic damages the jury awarded him

(based on lost salary from the union office for which he had been defeated). It provides no basis for plaintiff's claim under LMRDA § 101(a)(1), 29 U.S.C. § 411(a)(1).

Plaintiff's attempt to distinguish Commer v. Keller, 64 F. Supp. 2d 266 (S.D.N.Y. 1999), is equally misguided. While it is correct that in Commer the plaintiffs – the targets of the defendant's critical statements – were lower-ranking union officers, the relevant point is that the critical comments were made by the union president. The issue in Commer was thus whether a union officer's statements critical of his political rivals (who in that case happened also to be union officers) were actionable under the LMRDA. The court held they were not, and the case is on all fours in relevant respects with this one.

With respect to any potential LMRDA claim based on union discipline, plaintiff appears to recognize that – not having been subject to union disciplinary proceedings – he has no claim under LMRDA §§ 101(a)(5) or 609, 29 U.S.C. §§ 411(a)(5), 529. Rather, he argues that a claim can be made for "infringement" of LMRDA rights under § 101(a)(2) even in the absence of union "discipline" that would be actionable under §§ 101(a)(5) or 609. Pl. Opp. at 8 (citing Finnegan v. Leu, 456 U.S. 431 (1982)). That is correct as an abstract matter, but we showed in our opening brief why no such claim was stated on the facts alleged here: a union officer's criticism of political opponents –

without any threats of physical harm, legal proceedings, union discipline, or loss of membership benefits – does not constitute "retaliation" that infringes a member's LMRDA rights, whether the claim is advanced under LMRDA § 101(a)(1) or § 101(a)(2). See Union Def. Mem. at 6-8.  The Commer case, on which we relied, is in fact a § 101(a)(2) "infringement" case, and it responds fully to the contention plaintiff now advances.[1]

    2.   <u>Duty of Fair Representation</u>.  In our opening brief we advanced three distinct bases for dismissing plaintiff's DFR claim.  Union Def. Mem. at 9-13.  With respect to the first – the absence of any allegation that the employer violated the collective bargaining agreement – plaintiff points to paragraphs 12-13 of his Complaint, but neither paragraph alleges any such thing.  Even in his brief, plaintiff makes no attempt either to identify any section of the 646-page agreement that was allegedly violated or to articulate a theory of how the facts alleged constitute such a violation.  For purposes of stating

---

[1] As a leading treatise has noted, the cases often do not draw a sharp distinction between claims under § 101(a)(1) and § 101(a)(2).  Martin H. Malin, <u>Individual Rights Within the Union</u> 51 (1988).  We characterized plaintiff's claim in our opening brief as brought under § 101(a)(1), because that is the provision plaintiff cited in his brief in opposition to our first motion to dismiss.  See Plaintiff's Opposition to Julia Carrigan's Motion to Dismiss (Docket #12), at 5.  But the analysis presented in our opening brief is equally applicable, if not more so, to plaintiff's latest characterization of his claim as one for "infringement" of LMRDA rights under § 101(a)(2).

the elements of a DFR claim it is, of course, entirely irrelevant whether American Airlines' actions state some <u>other</u> statutory or common law cause of action.

Plaintiff mixes together our second and third points and responds to neither. The decisions he quotes on pages 13 and 14 of his brief explain why courts allow a DFR plaintiff to bring a breach of contract action in court under § 301 of the Labor Management Relations Act, 29 U.S.C § 185, without having exhausted the contractually required arbitration remedy. But that has nothing to do with our (second) point – that plaintiff is charging the union with breach of its duty of fair representation for failing to follow through on a grievance process that he never initiated or asked the union to initiate.[2] And plaintiff offers no response at all to our third argument, that the DFR simply does not apply under these circumstances.

3.   <u>Breach of Contract</u>.  With respect to the alleged breach by the union of the collective bargaining agreement (Count V), the problem with such a claim is not inconsistency of pleadings, but the preemption of any such state-law claim by federal labor law.  Union Def. Mem. at 14-15.

---

[2] That plaintiff apparently sent to two union officers copies of a letter complaining to an American Airlines employee, Pl. Opp. at 14 (citing Exh. 3), certainly cannot be construed as a request for the union to initiate the contractual grievance process under Article 28 of the collective bargaining agreement.

4.  <u>Uncontested Issues</u>.  Plaintiff has apparently abandoned Count VI of his Complaint, which claimed a violation by the union of its constitution, as he offers no response to our argument on that issue.

Nor does plaintiff take issue with our submission that, if the federal claims are dismissed, the Court should decline to exercise supplemental jurisdiction over the Complaint's state-law claims and should dismiss the Complaint in its entirety.

<u>CONCLUSION</u>

For the reasons set forth above, and in our opening brief, the Complaint should be dismissed.

Respectfully submitted,

___/s/ David B. Rome_____
DAVID B. ROME, BBO #426400
Pyle, Rome, Lichten, Ehrenberg
  & Liss-Riordan, P.C.
18 Tremont Street, Suite 500
Boston, Massachusetts 02108
(617) 367-7200
(617) 367-4820 (fax)

JOHN M. WEST (pro hac vice)
Bredhoff & Kaiser, P.L.L.C.
805 Fifteenth Street, N.W.
Suite 1000
Washington, DC 20005
(202) 842-2600
(202) 842-1888 (fax)

Counsel for the Union Defendants

CERTIFICATE OF SERVICE

    I hereby certify that the foregoing Union Defendants' Reply Brief in Support of Motion to Dismiss Second Amended Complaint was served by first-class mail, postage prepaid, this 10th day of May, 2005, as follows:

>David D. Nielson
>Daniel J. Ciccariello
>15 Cottage Avenue, Suite 301
>Quincy, MA 02169
>
>Michael A. Fitzhugh
>Fitzhugh, Parker & Alvaro LLP
>155 Federal Street
>Suite 1700
>Boston, MA 02110-1727

                                  ____/s/ David B. Rome____
                                       David B. Rome